UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GEORGE IVERSON, Individually, | Case No. 04 12298 MEL |
| Plaintiff, | |
| v. | Magistrate Judge Cohen |
| MARTHA'S VINEYARD ASSOCIATES, | |
| Defendant. | |

## DEFENDANT'S ANSWER TO THE PLAINTIFF'S COMPLAINT

The introductory paragraph is a summary of the Plaintiff's Complaint and contains legal conclusions to which no response is required.

## JURISDICTION AND VENUE

1. Paragraph 1 of the Plaintiff's Complaint contains legal conclusions to which no response is required. If this paragraph is construed to require a response, it is denied.

2. The Defendant admits that its property is located in and does business within the judicial district of Massachusetts. The remainder of paragraph 2 contains legal conclusions to which no response is required. If the remainder of this paragraph is construed to require a response, it is denied.

3. The Defendant lacks sufficient knowledge to provide a response to the allegations contained in paragraph 3 of the Plaintiff's Complaint, and hereby calls upon the Plaintiff to prove the same.

4. The Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Complaint.

## STATUTORY BACKGROUND

5. Paragraph 5 of the Plaintiff's Complaint contains legal conclusions characterizing the Americans with Disabilities Act of 1990 ("ADA") to which no response is required since the statute and its legislative history speak for themselves.

6. Paragraph 6 of the Plaintiff's Complaint, including subsections a through e, contains legal conclusions characterizing the ADA to which no response is required since the statute and its legislative history speak for themselves.

7. Paragraph 7 of the Plaintiff's Complaint, including subsections a through c, contains legal conclusions characterizing the ADA to which no response is required since the statute and its legislative history speak for themselves.

8. Paragraph 8 of the Plaintiff's Complaint contains legal conclusions characterizing the ADA to which no response is required since the statute and its legislative history speak for themselves.

9. Paragraph 9 of the Plaintiff's Complaint contains legal conclusions characterizing the ADA to which no response is required since the statute and its legislative history speak for themselves.

## THE PARTIES AND STANDING

10. The Defendant denies that the Plaintiff has encountered architectural barriers at the subject property. The Defendant lacks sufficient knowledge to provide a response to any and all remaining allegations contained in paragraph 10 of the Plaintiff's of the Complaint, and hereby calls upon the Plaintiff to prove the same.

11. The Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12. The Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13. The Defendant admits that it owns the Harborview Hotel, located at 131 North Water Street, Edgartown, Martha's Vineyard, Massachusetts, which is a public accommodation. The Defendant denies any and all remaining allegations contained in paragraph 13 of the Plaintiff's Complaint.

14. The Defendant lacks sufficient knowledge to provide a response to Plaintiff's allegation concerning his state of mind. The Defendant denies that the Plaintiff has been subjected to any discrimination in violation of the ADA.

15. The Defendant lacks sufficient knowledge to provide a response to Plaintiff's allegations concerning his state of mind. The Defendant denies that the Plaintiff has been subjected to discrimination in violation of the ADA.

16. The Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

## THE INSTANT CLAIM

17. The Defendant denies that the Plaintiff has been subjected to discrimination in violation of the ADA. As to each of the subsections of paragraph 17 of the Plaintiff's Complaint, these subsections contain legal conclusions to which no response is required. If these subsections are construed to require a response, they are denied.

18. The Defendant denies that the Plaintiff has been subjected to discrimination in violation of the ADA or that he "requires" an inspection of the Defendant's hotel.

19. Paragraph 19 of the Plaintiff's Complaint contains legal conclusions characterizing ADA regulations to which no response is required since the regulations speak for themselves.

20. Paragraph 20 of the Plaintiff's Complaint contains legal conclusions characterizing ADA regulations to which no response is required since the regulations speak for themselves.

21. The Defendant denies the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22. The Defendant denies that the Plaintiff has been subjected to discrimination in violation of the ADA or that he "requires" an inspection of the Defendant's hotel.

23. The Defendant lacks sufficient knowledge to provide a response to the allegation that the "Plaintiffs have retained the undersigned counsel."[1]  The Defendant denies that the Plaintiff is entitled to recover attorney's fees and litigation costs.

24. The Defendant denies that it is in violation of the ADA or that notice or "other conditions precedent" have been met by the Plaintiff or waived by the Defendant.

25. The Defendant denies the allegations contained in paragraph 25 of the Plaintiff's Complaint.

26. Paragraph 26 of the Plaintiff's Complaint contains legal conclusions characterizing the ADA to which no response is required since the statute speaks for itself.  The Defendant denies that the Plaintiff is entitled to injunctive relief.

To the extent that Plaintiff's Prayer for Relief contains any factual allegations, Plaintiff denies then.  Plaintiff denies that Plaintiff is entitled to any of the relief requested.  Wherefore, the Defendant is entitled to judgment in its favor along with its attorney's fees and costs.

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiff has failed to state a claim upon which relief may be granted and, therefore, the Plaintiff's Complaint should be dismissed in its entirety.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiff has failed to allege sufficient facts to support his conclusory allegation that he "qualifies as an individual with disabilities" within the meaning of Title III of the Americans with Disabilities Act ("ADA").

---

[1] The caption and the Complaint identify only one Plaintiff, George Iverson.

## THIRD AFFIRMATIVE DEFENSE

The Defendant's property qualifies as an historic building or facility, and is registered with The National Trust, Historic Hotels of America. Therefore, the historic preservation exception to Title III of the ADA applies to the property.

## FOURTH AFFIRMATIVE DEFENSE

The modifications sought by the Plaintiff are not readily achievable, easily accomplishable or able to be carried out without much difficulty or expense.

## FIFTH AFFIRMATIVE DEFENSE

The modifications sought by the Plaintiff would fundamentally alter the nature of the business or result in an undue burden to the Defendant.

## SIXTH AFFIRMATIVE DEFENSE

The Defendant's property is not a new construction within the meaning of Title III of the ADA, and therefore, the provisions of Title III applicable to new construction do not apply to the Defendant's property.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant's property is not an altered or renovated property within the meaning of Title III of the ADA, and therefore, the provisions of Title III applicable to alterations or renovations do not apply to the Defendant's property. Furthermore, the alterations sought by the Plaintiff would exceed the cost of any alteration to the primary function of the areas and facilities at issue by twenty percent (20%) or more, making them disproportionate and not readily achievable.

## EIGHT AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to any monetary damages under Title III of the ADA.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to injunctive relief because he cannot demonstrate: a likelihood of success on the merits of his Title III claim; the potential for irreparable harm; that the balancing of hardships favors issuance of the injunction; or that the issuance or non-issuance of an injunction impacts the public interest. Absent any showing of an existing violation, there is no relief to which the Plaintiff is entitled, since he is not entitled to monetary damages under Title III of the ADA.

**TENTH AFFIRMATIVE DEFENSE**

Prior to filing this lawsuit, the Plaintiff provided no notice to the Defendant of the alleged violations, and did not permit the Defendant the opportunity to remedy any such alleged violations, which actions defeat the remedial purpose of Title III of the ADA.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff has failed to allege sufficient facts to support his conclusory allegation that he has standing under Title III of the Americans with Disabilities Act ("ADA") entitling him to injunctive relief. In particular, the plaintiff cannot demonstrate that he has suffered an injury in fact that is concrete, particularized, actual or imminent.

WHEREFORE, Defendant Martha's Vineyard Associates demands judgment against Plaintiff, dismissing the Complaint with prejudice and awarding Defendant its costs and attorneys' fees.

MARTHA'S VINEYARD ASSOCIATES,

By its attorneys

Date: December 21, 2004

_____/s/ Windy L. Rosebush_____
Timothy P. Van Dyck (BBO #548347)
Windy L. Rosebush (BBO #636962)
Edwards & Angell, LLP
101 Federal Street
Boston, MA 02110
(617) 439-4444

**CERTIFICATE OF SERVICE**

I, Windy L. Rosebush, hereby certify that a true copy of the above document was served upon the attorney of record for each party by filing the same electronically on December 21, 2004.

_____/s/ Windy L. Rosebush_____