UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
GEORGE IVERSON, Individually,               )   Case No. 04 12298 MEL
                                            )
            Plaintiff,                      )
v.                                          )
                                            )
MARTHA'S VINEYARD ASSOCIATES,               )
                                            )
            Defendant.                      )
_____)

### DEFENDANT'S INITIAL DISCLOSURES

Pursuant to Rule 26 (a)(1) of the Federal Rules of Civil Procedure, Defendant Martha's Vineyard Associates ("MVA") hereby makes its initial disclosures. These disclosures are based on information presently available to MVA. MVA reserves the right to supplement these disclosures.

### I. PERSONS WITH KNOWLEDGE

The following individuals are believed by MVA to have information potentially relevant to this case. By including an individual in this disclosure, MVA does not concede relevancy or that Plaintiff's Complaint states a claim.

    1)    Mr. Dick McAuliffe
           Martha's Vineyard Associates, Harbor View Hotel
           131 North Water Street
           Martha's Vineyard
           Edgartown, Massachusetts 02539

           Subjects: Knowledge of the property at issue; knowledge of the Plaintiff's reservation history at the property; knowledge pertaining to the defense of the various alleged violations of the Americans with Disabilities Act ("ADA").

  2)  George Iverson, Plaintiff
     Subjects:  Knowledge unknown.

  3)  Bill Norkunas, Plaintiff's expert
     Subjects:  Knowledge unknown.

  4)  Any and all witnesses named by Plaintiff in his initial disclosures or discovery responses.

## II. RELEVANT DOCUMENTS

Without waiving any objections, MVA is in the process of determining whether there are any non-privileged documents relevant to the Plaintiff's claims.  Plaintiff has not identified any documents he believes to be relevant in his initial disclosure.  Plaintiff has also served Defendant with a Request for Production of Documents which MVA will respond to in the time permitted by Rule 34 of the Federal Rules of Civil Procedure.

## III. DAMAGES

At this time, MVA does not assert any claim for damages.

## IV. INSURANCE

There is no insurance that would cover the claims asserted by the Plaintiff (alleged violation of the ADA requiring alterations to the property).

            MARTHA'S VINEYARD ASSOCIATES
            By its attorneys


            ____/s/ Timothy P. Van Dyck _____
            Timothy P. Van Dyck (BBO #548347)
            Windy L. Rosebush (BBO #636962)
            Edwards & Angell, LLP
            101 Federal Street
            Boston, MA  02110
            (617) 439-4444

Date: March 9, 2005

- 3 -

## CERTIFICATE OF SERVICE

    I, Timothy P. Van Dyck, hereby certify that on this 9th day of March, 2005, I caused a copy of the foregoing document to be served upon O. Oliver Wragg, Esq. and John P. Fuller, Esq. Fuller, Fuller and Associates, P.A., 120000 Biscayne Blvd., Suite 609, North Miami, FL 33181 by first class mail, postage pre-paid.

                                         _/s/ Timothy P. Van Dyck_____